**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **I.W., L.W., and C.W.**

**No. 23-667** (Pendleton County CC-36-2023-JA-14, CC-36-2023-JA-15, and CC-36-2023-JA-16)

## MEMORANDUM DECISION

Petitioner Father S.W.[1] appeals the Circuit Court of Pendleton County's October 19, 2023, order terminating his parental rights to I.W., L.W., and C.W.,[2] arguing that the circuit court erred by adjudicating him as an abusing parent. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2023, then-seven-year-old I.W. disclosed in a Child Advocacy Center ("CAC") interview that the petitioner, her father, touched her "no no square" and "rubbed all over it." I.W. further disclosed that T.W., her stepmother, was in the room when the touching occurred. At the time, C.W., the daughter of the petitioner and T.W., lived in their home full time while I.W. and L.W., the petitioner's children, visited the home every other weekend. The DHS filed a petition alleging that all three children were abused and neglected based on the allegations that the petitioner sexually abused I.W. and that T.W. failed to protect I.W. from the sexual abuse.

The circuit court held two adjudicatory hearings in July 2023 and August 2023. The court admitted I.W.'s CAC interview into evidence. A forensic nurse testified to performing a physical examination of I.W. The nurse testified that I.W. disclosed that the petitioner touched her, that she cried and told him to stop, and that T.W. was there. The nurse explained that I.W.'s physical examination indicated vaginal discharge, labial swelling, and redness and that lab results indicated a yeast infection. Overall, the nurse testified that her findings "neither supported nor refuted sexual abuse allegations." A second forensic nurse testified to performing a follow-up physical

---

[1] The petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Marla Zelene Harman appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

examination one week after I.W.'s initial examination. The second nurse testified that her findings were normal but explained that, given the nature of the allegations, she would not expect to have additional findings given how quickly the vaginal area can heal. The second nurse also testified that I.W. made disclosures to her that were similar to those made to the first forensic nurse. A DHS worker who observed I.W.'s CAC interview testified regarding the child's disclosures. However, the worker also explained that, in her opinion, I.W.'s disclosures sounded as though they could have been rehearsed. T.W. testified and denied ever seeing the petitioner touch any of the children inappropriately. Finally, the petitioner testified, denying any inappropriate touching and ever being alone with the children.

The circuit court found that I.W. made consistent disclosures during her CAC interview and during two physical examinations that the petitioner subjected the child to sexual contact while T.W. was present and that I.W.'s disclosures were credible. The court also found that testimony given by the petitioner and T.W. was not credible. The court then found that I.W. was an abused and neglected child by the petitioner submitting her to sexual contact and that L.W. and C.W. were abused and neglected children by extension.

The court held a dispositional hearing in October 2023. A DHS worker testified that there was no reasonable likelihood the conditions of abuse and neglect could be remediated in the near future given the nature of the abuse. The worker explained that the DHS recommended terminating the petitioner's parental rights. Accordingly, the court terminated the petitioner's parental rights to the children.[3] It is from this order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred by adjudicating him as an abusing parent in the absence of clear and convincing evidence that he committed sexual abuse. Upon our review, we disagree. We have explained that in abuse and neglect cases, West Virginia Code § 49-4-601(i) "requires the [DHS] . . . to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence],'" though the statute "does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syl. Pt. 1, in part, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (quoting Syl. Pt. 1, *W. Va. Dep't of Health & Hum. Res. ex rel. Wright v. Brenda C.*, 197 W. Va. 468, 475 S.E.2d 560 (1996)).

I.W. consistently disclosed, to three separate individuals, that she was sexually abused by the petitioner and that T.W. was in the room when the abuse occurred. The court heard the DHS worker's opinion that I.W.'s statement could have been "rehearsed" but was unmoved by the worker's testimony. Ultimately, the court found that I.W.'s disclosures of sexual abuse were credible and found that the petitioner's testimony and T.W.'s testimony lacked credibility. As we have consistently held, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381,

---

[3] C.W.'s mother's parental rights were also terminated, and the permanency plan for C.W. is adoption in the current placement. I.W. and L.W. remain in their nonabusing mother's custody.

388, 497 S.E.2d 531, 538 (1997). As such, we find no error in the circuit court's adjudication of the petitioner for sexually abusing I.W. Further, because the court's adjudication of L.W. and C.W. was predicated on that sexual abuse and the threat of harm it posed to those children, we similarly find no error in the circuit court adjudicating the petitioner of abusing and neglecting the remaining children.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 19, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4] The petitioner raises no assignment of error concerning the termination of his parental rights. As such, termination is not at issue in this appeal.